AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

Any and all funds in Wachovia Bank Account Number xxxxxxxx3024, held in the name of New Star Supermarket, up to and including the amount of $297,485.00

**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT**

CASE NUMBER:

I, _____Christine M. Morrison_____ being duly sworn depose and say:

I am a(n) __Special Agent with the Internal Revenue Service__ and have reason to believe that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States, namely (describe the property to be seized)

    Any and all funds in Wachovia Bank Account Number xxxxxxxx3024, held in
    the name of New Star Supermarket, up to and including the amount of $297,485.00

which are (state one or more bases for seizure under the United States Code)

    Property involved in, or traceable to a violation of 31 U.S.C. 5324, or a conspiracy to commit such a
    violation, or identical property found in the same place or account as the property involved in, or traceable
    to a violation of 31 U.S.C. 5324, or a conspiracy to commit such a violation.

concerning violations of Title 31 United States Code, Section 5324, having regard to the provisions of Title 31 United States Code, Section 5317, and Title 18 United States Code, Sections 981 and 984.
The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES    ☐ NO

Barry Wiegand
Asset Forfeiture Unit, Criminal Division
(202) 307-0299

Signature of Affiant
Christine M. Morrison, Special Agent
Internal Revenue Service

Sworn to before me, and subscribed in my presence

_____
Date

at Washington, D.C.

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION
# FOR A SEIZURE WARRANT

I, Christine M. Morrison, being duly sworn, depose and state:

1. I am a Special Agent of the Internal Revenue Service, Criminal Investigation and have been so employed since August, 2002. As a Special Agent, I completed Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia, which included lessons in criminal and financial investigative techniques, criminal law, search and seizure warrants. As a Special Agent, I have assisted in the execution of financial search warrants resulting in the seizure of records and arrest warrants.

2. This affidavit supports an application for a seizure warrant for all monies, up to $297,485.00, that are contained in Wachovia Bank, N.A., account number xxxxxxxxx3024, in the name of New Star Supermarket. This affidavit sets forth probable cause to believe that such monies are subject to seizure and forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2) (incorporating 18 U.S.C. §§ 981 and 984), because the monies constitute property involved in, or traceable to, deposits structured to evade currency reporting requirements, in violation of 31 U.S.C. § 5324(a), or these funds may be seized in place of such property, because they represent the same or fungible property found in the same place or account from which the property involved in the offense was deposited, within the one-year period after February 5, 2006.

## Currency Transaction Reports and Structuring

3. Title 31 U.S.C. § 5313 and 31 C.F.R. Part 103 of the Bank Secrecy Act (BSA) require any financial institution that engages with a customer in a currency transaction (for example a cash deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue Service on Form 4789, which is known as a Currency Transaction Report ("CTR"). These

regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000 during any one business day.

4.     CTRs are often used by law enforcement personnel to uncover a wide variety of illegal activities including narcotics trafficking, tax evasion, terrorist financing and money laundering. Many individuals involved in these illegal activities are aware of such reporting requirements and take active steps to cause financial institutions not to file CTRs. These active steps are often referred to as "smurfing" or "structuring" and involve, among other methods, making multiple cash deposits, in amounts less than $10,000, to multiple banks and/or branches of the same bank on the same day or on consecutive days. "Structuring" is prohibited by 31 U.S.C. § 5324(a)(3).

5.     There is probable cause to believe criminal offenses against the United States have occurred from February 6, 2006, through the date of applying for this warrant, namely, the unlawful structuring of cash deposits into the New Star Market account at Wachovia bank account # xxxxxxxxx3024, in order to evade having a currency transaction report filed, in violation of 31 U.S.C. § 5324, which prohibits "structuring" deposits for this purpose. Accordingly, under 18 U.S.C. § 981 and § 984 and 31 U.S.C. § 5317, the funds in the bank accounts are subject to seizure and forfeiture in an amount equal to the deposits structured into the account within a one-year period preceding today's date, February 1, 2007.

**Probable Cause for Forfeiture**

6.      My investigation shows that there is in Washington, D.C., at xxxxxxxxxxxxxx, an entity doing business as a retail grocery store, which is known as the New Star Supermarket. The New Star Supermarket holds a bank account in its name through the Wachovia banking institution, with the number xxxxxxxxx3024. The signatories for this account are Chung Kiu Choe, Dyong Choe, and Il Kyu Choe. On April 14, 2005, an employee at Wachovia Bank spoke to Chung Kiu Choe regarding account # xxxxxxxxx3024, held in the name of New Star Supermarket, regarding the structuring of cash deposits in a way that avoided the requirement to report cash deposits in amounts of $10,000 or more. Chung Kiu Choe acts as a principal owner of the New Star Supermarket, as well as its parent or related corporation the Reliable Food Corporation. Although both entities maintain separate bank accounts through the Wachovia institution, the information set forth below relates only to the account in the name of New Star Supermarket, Wachovia account # xxxxxxxxx30248.

7.      I have learned that Chung Choe said that the New Star Supermarket and the Reliable Food Corporation are engaged in the business as a retail supermarket, and the cash deposits made into the New Star account had come from the store's sales. Chung Choe explained that two particular deposits, in the amounts of $9,900.00 each, and both made on the same day, had occurred because his wife made one deposit and an employee had made the other deposit. Because the employee was not a signer on the account, Chung Choe explained, he did not want the employee to have to file a Currency Transaction Report (CTR). Records indicate the bank official advised Chung Choe verbally, and subsequently in a letter dated April 14, 2005, of laws regarding cash transactions, reporting requirements, and illegal structuring of deposits to evade

reporting requirements. I have been advised that Chung Choe said he would only have his wife make the bank deposits.

8. During the 1st quarter of 2005, 27 cash deposits were made totaling $192,800.00 on behalf of the New Star supermarket. Of these 27 individual cash deposits, 20 of them involved two or more cash deposits that were made on the same day, each cash deposit being in the amount of less than $10,000, but which day's total cash deposits exceeded $10,000 when added together. This occurred ten times in the quarter, eight of them resulting in a daily cash deposit total of more than $15,000. Records indicate that the 20 cash deposits made on the same day all end in even dollar amounts. The structured cash deposits from the first quarter of 2005 above appeared to have only occurred on either a Monday or Tuesday. As of November 29, 2006, no Currency Transaction Reports have ever been filed for the New Star Supermarket bank account at Wachovi Bankm Account # xxxxxxxxx3024.

9. Even after Chung Choe was advised about structuring prohibitions, cash deposits continued to be structured into the Wachovia account. During the 4th quarter of 2005, 48 cash deposits were made totaling $279,560.30. Of these 48 individual cash deposits, 31 of them were made on one of twelve dates. On each of these 12 dates, the total of the cash deposits made that day exceeded $10,000, but each individual cash deposit was for an amount of less than $10,000. The 31 structured deposits all end in even dollar amounts and totaled $206,750.00.

10. In the first half of 2006, 58 cash deposits were made totaling $357,335.00 into Wachovia Bank Account # xxxxxxxxx3024. Of these 58 individual cash deposits, 56 of them involved two or more cash deposits that were made on the same day, each cash deposit being in the amount of less than $10,000, but which day's cash deposits exceeded $10,000 when added together. This structuring occurred 20 times between January 2006 and June 2006. On twelve of these

occasions, three or more cash deposits were made into the same account, each cash deposit being for an amount of less than $10,000, but the total of which day's cash deposits exceeded $10,000. The cash deposits made on the same day all end in even dollar amounts. The following table shows these deposits:

|  | Day | Date Deposited At Bank | Date Indicated On Deposit Ticket | Branch | Time | Cash Deposit Amounts | Combined Deposits in 1 day |
|---|---|---|---|---|---|---|---|
| 1 | Tues | 01/03/2006 | 01/01/2006 | 27051 | 11:34 AM | 6,640.00 | |
| 2 | | 01/03/2006 | 12/31/2005 | 27051 | 11:34 AM | 9,350.00 | |
| 3 | | 01/03/2006 | 12/30/2005 | 27051 | 11:34 AM | 9,060.00 | 25,050.00 |
| 5 | Monday | 01/09/2006 | 01/08/2006 | 14 | 1:51 PM | 7,850.00 | |
| 6 | | 01/09/2006 | 01/07/2006 | 14 | 1:51 PM | 8,000.00 | 15,850.00 |
| 7 | Tues | 01/17/2006 | 01/10/2006 | 6575 | 9:15 AM | 1,200.00 | |
| 8 | | 01/17/2006 | 01/16/2006 | 13 | 4:10 PM | 3,230.00 | |
| 9 | | 01/17/2006 | 01/15/2006 | 13 | 4:10 PM | 6,370.00 | |
| 10 | | 01/17/2006 | 01/14/2006 | 13 | 4:10 PM | 8,150.00 | 18,950.00 |
| 11 | Monday | 02/06/2006 | 02/05/2006 | 13 | 11:32 AM | 6,770.00 | |
| 12 | | | 02/05/2006 | 13 | 11:32 AM | 8,050.00 | |
| 13 | | | 02/03/2006 | 13 | 2:08 PM | 3,150.00 | 17,970.00 |
| 14 | Tuesday | 02/14/2006 | 02/12/2006 | 13 | 12:01 PM | 6,220.00 | |
| 15 | | | 02/11/2006 | 13 | 1:41 PM | 8,750.00 | 14,970.00 |
| 16 | Tuesday | 02/21/2006 | 02/18/2006 | 13 | 11:59 AM | 9,600.00 | |
| 17 | | | 02/19/2006 | 13 | 12:15 PM | 8,570.00 | 18,170.00 |
| 18 | Monday | 02/27/2006 | 02/24/2006 | 13 | 12:31 PM | 7,960.00 | |
| 19 | | | 02/26/2006 | 13 | 11:26 AM | 3,590.00 | 11,550.00 |
| 20 | Monday | 03/06/2006 | 03/03/2006 | 13 | 12:09 PM | 4,600.00 | |
| 21 | | | 03/04/2006 | 13 | 1:05 PM | 8,110.00 | |
| 22 | | | 03/05/2006 | 13 | 1:05 PM | 5,000.00 | 17,710.00 |
| 23 | Tuesday | 03/14/2006 | 03/12/2006 | | | 4,195.00 | |
| 24 | | | 03/11/2006 | | 5:22 PM | 6,830.00 | 11,025.00 |
| 25 | Monday | 03/20/2006 | 03/19/2006 | | 11:03 AM | 4,940.00 | |
| 26 | | | 03/18/2006 | | 11:08 AM | 5,870.00 | |
| 27 | | | 03/17/2006 | | | 2,830.00 | |
| 28 | | | 03/17/2006 | | | 2,000.00 | 15,640.00 |
| 29 | Monday | 03/27/2006 | 03/24/2006 | 13 | 11:47 AM | 2,060.00 | |
| 30 | | | 03/24/2006 | 13 | 12:04 PM | 9,000.00 | |
| 31 | | | 03/26/2006 | 13 | 11:43 AM | 6,110.00 | 17,170.00 |
| 32 | Monday | 04/03/2006 | 04/01/2006 | | | 8,990.00 | |
| 33 | | | 04/02/2006 | | | 6,720.00 | 15,710.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 34 | Monday | 04/10/2006 | 04/09/2006 | | | 5,150.00 | |
| 35 | | | 04/08/2006 | | | 6,930.00 | 12,080.00 |
| 36 | Monday | 04/17/2006 | 04/16/2006 | | | 11,270.00 | |
| 37 | | | 04/14/2006 | | | 530.00 | |
| 38 | | | 04/15/2006 | | | 9,500.00 | 21,300.00 |
| 39 | Monday | 04/24/2006 | 04/23/2006 | | | 5,860.00 | |
| 40 | | | 04/24/2006 | | | 4,000.00 | |
| 41 | | | 04/23/2006 | | | 9,300.00 | 19,160.00 |
| 42 | Monday | 05/01/2006 | 04/30/2006 | | | 9,650.00 | |
| 43 | | | 04/28/2006 | | | 6,050.00 | |
| 44 | | | 05/01/2006 | | | 6,000.00 | 21,700.00 |
| 45 | Monday | 05/08/2006 | 05/06/2006 | 13 | 12:19 PM | 7,550.00 | |
| 46 | | | 05/06/2006 | 13 | 12:38 PM | 2,000.00 | 9,550.00 |
| 47 | Monday | 05/15/2006 | 05/13/2006 | 13 | 12:52 PM | 8,110.00 | |
| 48 | | | 05/14/2006 | 13 | 3:23 PM | 6,550.00 | 14,660.00 |
| 49 | Monday | 05/22/2006 | 05/20/2006 | 13 | 10:42 AM | 6,850.00 | |
| 50 | | | 05/19/2006 | 13 | 12:23 PM | 3,430.00 | |
| 51 | | | 05/21/2006 | 13 | 12:30 PM | 6,850.00 | 17,130.00 |
| 52 | Tuesday | 05/30/2006 | 05/26/2006 | 13 | 12:24 PM | 9,250.00 | |
| 53 | | | 05/29/2006 | 13 | 12:58 PM | 5,150.00 | |
| 54 | | | 05/28/2006 | 13 | 12:58 PM | 9,900.00 | |
| 55 | | | 05/24/2006 | 27051 | 2:14 PM | 2,950.00 | 27,250.00 |
| 56 | Monday | 06/05/2006 | 06/03/2006 | | | 6,150.00 | |
| 57 | | | 06/01/2006 | | | 2,700.00 | |
| 58 | | | 06/04/2006 | | | 5,890.00 | 14,740.00 |
| | **Total Deposits From 1-1-06 to 6-5-06** | | | | | **357,335.00** | **357,335.00** |

11.     Examination of the deposits made after February 5, 2006, that is, within one year before the date of applying for this warrant, shows that for the month of February 2006, after February 5, 2006, the New Star Supermarket Wachovia bank account 200065333024 reflected "structured" cash deposits totaling $62,660. This $62,660 total is the sum of adding the amount of all cash deposits, when (a) more than one cash deposit was made on the same date, (b) each individual cash deposit was in an amount of less than $10,000, and (c) when, the same day's cash deposits, added together, total more than $10,000.

12.     The comparable figures for other months in 2006 are: (A) March, $61,545.00; (B) April, $68,250; (D) May, $90,290; (E) June, $14,470. The total of the "structured" deposits from February 6, 2006 through June 2006, as shown in the chart in this affidavit, is: $297,485.00

13.     As shown in the chart in this affidavit, on April 17, 2006, three cash deposits were made into the accounts totaling $21,700. One of these cash deposits was in the amount of $11,270, while the other two were $530, and $9,500. The total for the day's cash deposits is included in the figure of $297,485.00.

14.     Based upon my training and experience, and the foregoing account activity outlined above, coupled with the information Mr. Choe received from the bank regarding "structuring" deposits, it appears that the aforementioned account has received into it deposits of "structured" currency transactions to evade reporting requirements in violation of Title 31 U.S.C. § 5324. The total amount of funds "structured" in deposits into this account from February 6, 2006 through June of 2006 is $297,485.00.

## Legal Basis for Forfeiture

15.     Title 31 U.S.C. § 5317 Provides, *inter alia*, for the civil forfeiture of "any property involved in a violation of sections 5313, 5316, or 5324 of this title, or any conspiracy to commit such violation, and any property traceable to any such violation or conspiracy," and that such property may be sized and forfeited in accordance with Title 18 U.S.C. § 981(a) (1) (A).  In addition, Title 18 U.S.C. § 5324 states, in relevant part:

> No person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by any regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508

* * * * *

    (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial concerns.

16.     In addition, I have been advised that Title 18 U.S.C. § 984 provides, in relevant part:

    (a) (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution-

        (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

        (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

    (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

    (b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

17.     Accordingly, Title 18 U.S.C. § 984 permits the United States to seize for civil forfeiture identical property found in the same place where the "guilty" money had been kept in an amount up to the amount of money "structured" into the account during the preceding one year. In addition, the "exceptions" enumerated in section 984 regarding the "fungibility" of the monies are not applicable.

18.     I respectfully submit that the facts set forth make out probable cause to believe that since at least February 6, 2006, cash deposits regularly have been structured into the subject New Star Supermarket account at Wachovia Bank Account # xxxxxxxxx3024 in order to evade the requirement to report cash deposits of $10,000 or more. On April 14, 2005, Chung Choe was notified verbally and in writing of the law governing reports about cash transactions and improper structuring of deposits. Since at least that date, Choe has been or should have been

aware of the legal duty to file currency transaction reports for cash deposits in excess of $10,000.00. In consequence, the chart of cash deposits made in 2006 show that these cash deposits were structured into the New Star Supermarket bank account, Wachovia Bank Account # xxxxxxxxx3024, to evade this reporting requirement. To the extent that funds in an amount up to $297,485.00 are now in the New Star Supermarket account, Wachovia Bank Account # xxxxxxxxx3024, they represent the same or fungible property found in the same place or account from which the property involved in the offense was deposited, within the one-year period after February 6, 2006, and are therefore subject to forfeiture pursuant to Title 18 U.S.C. § 984.

## **Conclusion**

19. There is probable cause to believe that any monies up to the amount of $297,485.00 now contained in the subject New Star Supermarket account, Wachovia Bank Account # xxxxxxxxx3024, either constitute property involved in or traceable to "structuring transactions" made in violation of Title 31 U.S.C. § 5324, or the funds "are identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture . . ." As such, these funds are subject to seizure and forfeiture in an amount of up to $297,485.00, pursuant to Title 31 U.S.C. § 5317 and 18 U.S.C. §§ 981 and 984, if found in the account on the day of execution of the seizure warrant for which I am applying, through February 5, 2007.

_____
Christine M. Morrison
(Signature of affiant)

Subscribed and sworn before me this       Day of
At

_____

(Signature)

Special Agent

_____     _____
(Title)                                                    (Signature of witness, if any)

Case 1:07-mj-00022-AK     Document 1-2     Filed 02/01/2007     Page 10 of 10